IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY JEROME ANDERSON,

                    Plaintiff,

                                      CIVIL ACTION
        vs.                         No. 05-3401-SAC

WILLIE SCOTT, et al.,

                    Defendants.


<u>ORDER</u>

This matter is before the court on a civil complaint filed by a prisoner incarcerated in FCI-Estill in South Carolina. Also before the court is plaintiff's motion for leave to proceed in forma pauperis in this action, pursuant to 28 U.S.C. 1915.

When a prisoner attempts to bring a civil action in forma pauperis under 28 U.S.C. 1915, the court is to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. 28 U.S.C. 1915(b)(1). Having examined the records, the court finds the average monthly deposit to plaintiff's account is $58.75 and the average monthly balance is $18.12. The court therefore assesses an initial partial filing fee of $11.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

Additionally, the court finds the complaint is subject to

being summarily dismissed as stating no claim for relief.[1]

Plaintiff seeks relief under 42 U.S.C. 1983 from two defendants: Willie Scott, the former warden at United States Penitentiary in Leavenworth, Kansas (USPLVN); and Dr. Mark Malley, a physician at USPLVN who reviewed plaintiff's x-rays in 1992 and questioned whether residual drain material remained in plaintiff's knee from plaintiff's 1972 knee surgery. Plaintiff alleges these defendants failed to take corrective action to address continuing pain in plaintiff's left knee, and to resolve whether surgical material remained in plaintiff's knee.[2]

"To state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of *state* law." West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis added). Because the two defendants named in the complaint acted as

---

[1]The court finds dismissal is warranted notwithstanding plaintiff's apparent failure to exhaust administrative remedies on his allegations. *See* 42 U.S.C. 1997e(c)(court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted).

[2]Court records reveal that the instant action is one of at least four cases plaintiff recently filed in federal courts to seek relief based on the alleged failure of prison officials at various facilities to provide corrective surgery. *See* Anderson v. Medical Center of Central Georgia, Case No. 05-00099-CAR-CWH (M.D.Ga.)(complaint filed September 16, 2005); Anderson v. Lamar, Case No. 05-00205-AAA-JEG (S.D.Ga.)(complaint filed October 11, 2005); Anderson v. Lamar, Case No. 05-002765 (W.D.Ten.)(complaint filed October 11, 2005).

federal rather than state agents, the complaint states no claim for relief under 42 U.S.C. 1983.

Even if the court were to liberally construe the complaint as filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case authorizing suit against federal officials for monetary damages for constitutional deprivations, the complaint would still be subject to summary dismissal because plaintiff's allegations are clearly time barred. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil actions alleging constitutional deprivation); K.S.A. 60-513(a)(4). Although plaintiff cites his December 2004 review of his medical records as his "discovery" of defendants' alleged failure to act in 1992, plaintiff's complaint is still filed well beyond the extended four year period allowed under Kansas law for a cause of action arising from a health care professional's failure to render services.[3]

Moreover, plaintiff's allegations of negligence and medical malpractice are not actionable under Bivens. *See* Estelle v.

_____

[3]*See* K.S.A. 60-513(c)("A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action.*" (emphasis added)

Gamble, 429 U.S. 97, 105-06 (1976)("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.").  Nor may plaintiff rely on the doctrine of respondeat superior to hold a defendant, such as the USPLVN warden in this case, liable by virtue of this defendant's supervisory position.  Rizzo v. Goode, 423 U.S. 362 (1976).

Accordingly, the court directs plaintiff to show cause why the complaint, whether filed under 42 U.S.C. 1983 or liberally construed as a Bivens complaint, should not be dismissed as stating no claim for relief.[4]  See 28 U.S.C. 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify

---

[4]Plaintiff is advised the dismissal would count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4

cognizable claims and dismiss complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $11.50.  Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why this action should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 1st day of November 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

5